UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>        v.<br><br>ORGANIC JUICE USA, INC., a New York corporation; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>-------------------------------------------------------X<br><br>ORGANIC JUICE USA, INC., a New York corporation,<br><br>Counter-Plaintiff,<br><br>        v.<br><br>POM WONDERFUL LLC, a Delaware limited liability company,<br><br>Counter-Defendant. | **Case No. 1-09-cv-04916-JPO**<br><br>ECF Case<br><br>Assigned to Hon. J. Paul Oetken |

ORGANIC JUICE'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO EXCLUDE
<u>CERTAIN EXPERT TESTIMONY BY HENRY D. OSTBERG</u>

DEWEY & LeBOEUF LLP
Harvey Kurzweil
Henry J. Ricardo
1301 Avenue of the Americas
New York, New York 10019-6092
Telephone: 212-259-8000
Facsimile: 212-259-6333

*Attorneys for Defendant and Counter-Plaintiff*
*Organic Juice USA, Inc.*

Organic Juice USA, Inc. ("Organic Juice") respectfully requests the exclusion of certain testimony by Henry D. Ostberg ("Ostberg"), an expert witness retained by POM Wonderful LLC's ("Pom").  More specifically, Organic Juice seeks the exclusion of testimony framed in terms of legal conclusions because it is improper under Rules 702 and 704.

## ARGUMENT

At trial, Organic Juice will present testimony from Dr. Thomas J. Maronick ("Maronick"), a consumer survey expert, in support of its counterclaim that Pom's advertisements mislead consumers.  In rebuttal, Pom will present testimony by Ostberg, presumably in accord with his expert report served on April 26, 2010.  *See* Expert Report of Henry D. Ostberg ("Ostberg Report"), attached as Ex. A to the accompanying Declaration of Adrienne M. Hollander, dated January 9, 2012 ("Hollander Decl.").  Although styled as an "expert report," the Ostberg Report is effectively a legal memorandum on the admissibility of survey evidence.  The Ostberg Report cites judicial decisions (*see* Ostberg Report at ¶¶ 16, 19, 39), legal treatises and publications of the Federal Judicial Center.  *See id* at ¶¶ 15, 25, 28, 30, and 34.  This analysis is plainly improper.  *See U.S. v. Bilzerian*, 926 F.2d 1285, 1295 (2d Cir. 1991) (affirming exclusion of expert testimony that "would have constituted an impermissible instruction on governing law"); *Fogarazzo v. Lehman Brothers, Inc.*, No. 03Civ. 5194 (SAS), 2005 WL 361205, at *4 (S.D.N.Y, Feb. 16, 2005) (legal "citation belongs in parties' briefs, not in experts' opinions").

Ostberg's deposition confirmed he relied on case law in formulating his opinions:

**Q.** Okay.  Did you consider any other documents in forming your opinion?
**A.** Not specifically.
**Q.** When you say not specifically, do you mean --

1

| | | |
|---|---|---|
| A. | To some extent we are the product of all the things that you've read in the past. I make it a point of reading a lot of legal decisions, so these legal decisions were certainly in the back of my mind. | |
| Q. | I see, but for the purposes of drafting this particular report, these were the documents that you considered? | |
| A. | Specifically, although, you know, in talking about the need for prospective purchases, past purchases, all of that is based upon my reading of a lot of cases on the issue. | |

\*\*\*

| | |
|---|---|
| Q. | So is it fair to say there was a list of cases then that you relied upon or considered in creating your opinion? |
| A. | There are many cases I've read where they talk about under representative samples. |
| Q. | So the answer to my question is yes? |
| A. | Yes, I think it is, yes. |

\*\*\*

| | |
|---|---|
| Q. | For the purposes of your report in this section entitled "Internet Panel Is Not Appropriate," if I understand you correctly, you considered various cases in coming up with your opinion? |
| A. | Various cases that talk about the inadequacy of under representative samples. I can -- without mentioning names, I can cite the kinds of cases I'm talking about. |
| Q. | I understand. In other words, cases beyond Amster Corp. versus Domino's Pizza which you cited here? |
| A. | Correct. |

See Henry D. Ostberg Deposition Transcript, dated June 1, 2010, and attached as Ex. B to Hollander Decl. at 40:14 - 44:23.

In fact, the "report" is structured much like a brief, laying out the legal standard and then arguing (or opining) why it is or is not met, citing, for example, the *Reference Manual on Scientific Evidence*, which concerns the legal admissibility of scientific testimony. See Ostberg Report at ¶¶ 28-29, 34. At paragraph 30, the Ostberg Report expressly argues, "[a]gain, it is necessary to compare the Maronick surveys against the requirements set forth in the *Reference Manual on Scientific Evidence*." *Id*. at 30. It then quotes the *Reference Manual* and opines that Maronick failed to meet its standards. *Id.* Ostberg's argument that Maronick's analysis is legally flawed is not within the legitimate scope of expert testimony.

"Clearly, an opinion that purports to explain the law to the jury trespasses on the trial judge's exclusive territory." *U.S. v. Stewart*, 433 F.3d 273, 311 (2d Cir. 2006). Yet this is precisely what Ostberg seeks to do throughout his report, and will presumably do in his testimony. His report it is replete with statements of what he asserts is the legal rule:

- "To have a standing in litigation, a survey must reflect the universe involved." *Id.* at ¶ 15.

- "Courts have repeatedly stated that for a survey to be valid: 'The persons interviewed must adequately represent the opinions which are relevant to the litigation.'" *Id.* at ¶ 16, *citing Amster Corp. v. Domino's Pizza,* 615 F.2d 252, 264 (5th Cir. 1980).

- "It is well established that Lanham Act surveys should be conducted with prospective purchasers of the product type at issue." *Id.* at ¶ 19, *citing American Luggage Works, Inc. v. U.S. Trunk Co.,* 158 F. Supp. 50, 53 (D. Mass. 1957), *aff'd,* 259 F.2d 69 (1st Cir. 1958).

- "Courts have repeatedly rejected, or given very little weight to, surveys which were conducted among past purchasers, rather than prospective purchasers." *Id.* at ¶ 19, *citing Universal City Studios, Inc. v. Nintendo Co., Ltd.,* 746 F.2d 112, 118 (2d Cir. 1984); *American Footwear Corp. v. General Footwear Co.,* 609 F.2d 655, 661 n.4 (2d Cir. 1979), *cert. denied,* 445 U.S. 951 (1980); *Jordache Enterprises, Inc. v. Levi Strauss & Co.,* 841 F. Supp. 506, 518-19 (S.D.N.Y. 1993).

- "The common law governing advertising, as well as the Lanham Act, is designed to protect intellectual property owners and consumers from false claims which would divert sales to the party making the false claims." *Id.* at ¶ 20.

- "'A survey designed to estimate likelihood of confusion must include a proper control.'" *Id.* ¶ 39, *quoting THOIP v. The Walt Disney Company, et al.*, 08 Civ. 6823 (SAS) (S.D.N.Y. 2010).

Even assuming that these are accurate statements of the law, they are objectionable coming from an expert because they communicate "a legal standard-explicit or implicit-to the jury," which is the exclusive domain of the Court. *Hygh v. Jacob*, 961 F.2d 359, 364 (1992).

Ostberg's use of legal materials to contend that Maronick's surveys are infirm as a *legal* matter are improper for another reason -- the Court already rejected this very argument when

3

made by POM's counsel. *See Organic Juice USA, Inc. v. POM Wonderful LLC,* 769 F. Supp. 2d 188, 201 (S.D.N.Y. 2011) (finding Dr. Maronick's surveys admissible).[1]

Ostberg's expected trial testimony will presumably be infused with the same legal analysis and conclusions found in his report, and any such testimony should be excluded. It is well established that the Second Circuit requires exclusion of "expert testimony that expresses a legal conclusion." *Hygh*, 961 F.2d at 363; s*ee also In re Rezulin Products Liability Litigation*, 309 F. Supp. 2d 531, 541 (S.D.N.Y. 2004) ("the exclusion of testimony that states a legal conclusion" is required).

## CONCLUSION

For these reasons, Organic Juice respectfully requests that the Court exclude any testimony by Ostberg consisting of legal opinions or conclusions.

New York, New York
January 9, 2012

By: /s/ Henry J. Ricardo
Harvey Kurzweil
Henry J. Ricardo

DEWEY & LeBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019-6092
Telephone: 212-259-8000
Facsimile: 212-259-6333

*Attorneys for Defendant and Counter-Plaintiff Organic Juice USA, Inc.*

---

[1] Ostberg even goes so far as to distinguish contrary authority in advancing his view of the appropriate legal rule. After explaining the legal rule on survey panel formulation as he would have it, *id.* at ¶ 20-21, and opining that Maronick's survey panel was therefore improperly formulated, *id.* at ¶ 24, Ostberg actually *concedes that courts have accepted such surveys*, but argues that those instances can be disregarded as in "most" cases the experts were unchallenged. *See id.* at ¶ 25. *A priori*, if opining on a legal standard is impermissible, attempting to distinguish contrary legal authority far exceeds the legitimate scope of expert opinion. *See, e.g., Giles v. Rhodes*, No. 94 Civ. 6385, 2000 WL 1425046, at *18 (S.D.N.Y. Sept. 27, 2000) (striking expert's recitation of "the governing legal standards" because "[i]t is my function, not [the expert's], to charge the jury on these matters. They have no place in his report or testimony.")