UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

POM WONDERFUL LLC, a Delaware limited liability company,

Plaintiff,

v.

ORGANIC JUICE USA, INC., a New York corporation; and DOES 1-10, inclusive,

Defendants.

--------------------------------------------------------X

ORGANIC JUICE USA, INC., a New York corporation,

Counter-Plaintiff,

v.

POM WONDERFUL LLC, a Delaware limited liability company,

Counter-Defendant.

**Case No. 1-09-cv-04916-JPO**

ECF Case

Assigned to Hon. J. Paul Oetken

# ORGANIC JUICE'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO DESTROYED SAMPLES

DEWEY & LeBOEUF LLP
Harvey Kurzweil
Henry Ricardo
1301 Avenue of the Americas
New York, New York 10019-6092
Telephone: 212-259-8000
Facsimile: 212-259-6333

*Attorneys for Defendant and Counter-Plaintiff*
*Organic Juice USA, Inc.*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................1

BACKGROUND ....................................................................................................................1

ARGUMENT .........................................................................................................................4

    A. POM Should be Precluded from Relying on the Destroyed Samples............................4

        1. POM had a Duty to Preserve the Samples ............................................................4

        2. POM was Culpable in the Destruction of the Samples ......................................5

        3. The Evidence is Relevant and Organic Juice has been Prejudiced....................6

    B. All Evidence Regarding the Destroyed Samples Should be Excluded .........................9

CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

Page

*Arista Records LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409 (S.D.N.Y. 2009) ............ 6, 8

*Atlantic Mut. Ins. Co., Inc., ex rel. Pepsico, Inc. v. CSX Expedition,* No. 00 Civ. 7668, 2004 WL 1746712 (S.D.N.Y. Aug. 3, 2004), *vacated and remanded on other grounds, Atlantic Mut. Ins. Co., Inc. v. CSX Lines, L.L.C.*, 432 F.3d 428 (2d Cir. 2005) ................................................................................................................. 8

*Beers v. General Motors Corp.*, No. 97-CV-482, 1999 WL 325378 (N.D.N.Y. May 17, 1999) ............................................................................................................... 6

*Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93 (2d Cir. 2001) .............................. 7

*Cyntegra, Inc. v. Idexx Labs., Inc.*, No. CV 06-4170, 2007 WL 5193736 (C.D. Cal. Sept. 21, 2007) ..................................................................................................... 5

*Golia v. Leslie Fay Co., Inc.*, No. 01 Civ. 1111, 2003 WL 21878788 (S.D.N.Y. Aug. 7, 2003) ........................................................................................................ 4, 6, 7

*Great Northern Ins. Co. v. Power Cooling, Inc.*, No. 06-CV-874, 2007 WL 2687666 (E.D.N.Y. Sept. 10, 2007) ................................................................... 6, 7, 9

*In re WRT Energy Securities Litigation*, 246 F.R.D. 185 (S.D.N.Y. 2007) ............... 5, 6, 7

*Kronisch v. United States*, 150 F.3d 112 (2d Cir. 1998) .................................................. 4, 7

*POM v. Fresherized Foods, Inc.*, No. CV08-6217 AHM (PJWx) (C.D. Ca. 2008) ............. 2

*POM Wonderful v. Beaumont Juices, Inc.*, No. CV10 1820 PA (OPx) (C.D. Ca. 2010) .................................................................................................................... 1, 2

*POM Wonderful v. Coca Cola Co.*, No. CV 08-6237 SJO (FMOx) (C.D. Ca. 2008) ................................................................................................................................. 2

*POM Wonderful v. Ocean Spray Cranberries, Inc.,* No. CV-565 DDP (RZx) (C.D. Cal. 2009) .................................................................................................................. 2

*POM Wonderful v. Purely Juice, Inc.*, No. CV07-2633-CAS (JWJx) (C.D. Ca. 2008) ................................................................................................................................. 2

*POM Wonderful v. Tropicana Products, Inc.*, No. CV 09-566 DSF (CTx) (C.D. Ca. 2009)..................................................................................................................2

*POM Wonderful v. Welch Foods, Inc.,* No. CV 09-567 AHM (AGRx) (C.D. Ca. 2009) ...................................................................................................................1

*Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99 (2d Cir. 2002)..................................................................................4, 5, 6, 7, 9

*Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284 (S.D.N.Y. 2009).............5

*Squitieri v. City of New York*, 248 A.D.2d 201 (N.Y. App. Div. 1st Dep't 1998)...............6

*Thiele v. Oddy's Auto & Marine, Inc.*, 906 F. Supp. 158 (W.D.N.Y. 1995) ................... 8, 9

*West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776 (2d Cir. 1999)...............................6, 9

**PRELIMINARY STATEMENT**

Organic Juice USA, Inc. ("Organic Juice") hereby moves to exclude certain evidence due to spoliation by POM Wonderful LLC ("POM") and its expert, Dana Krueger ("Krueger") of Krueger Food Laboratories ("KFL").

POM allegedly provided samples of the Elite Naturel pomegranate juice that Organic Juice sells to KFL so that it could conduct authenticity testing. However, despite first threatening Organic Juice and then filing this lawsuit based on the purported results of its testing, POM failed to preserve the very samples it now seeks to rely upon, prejudicing Organic Juice's ability to contest the results of KFL's analysis. Because Organic Juice is prejudiced by POM's spoliation of relevant evidence, Organic Juice respectfully requests that the Court exclude evidence relating to the spoliated samples.

**BACKGROUND**

In September 2007 and April 2008, POM provided samples of Elite Naturel pomegranate juice to KFL. *See* Dana Krueger Deposition Transcript, dated June 2, 2010 ("Krueger Tr."), attached as Ex. A to the accompanying Declaration of Andrew Robbins, dated January 9, 2012, and submitted herewith ("Robbins Decl."), at 252:10-253:10; 255:8-256:5; *see also* Krueger Amended Expert Report, attached as Ex. B to the Robbins Decl. at Ex. B (sample numbers 77825, 77826, 80357, 80358 and 80360).[1] These samples were tested in October 2007 and May 2008, respectively. *See id*. As demonstrated by numerous lawsuits,[2] POM maintains a

---

[1] KFL subsequently tested an additional 12 samples of Elite Naturel's 100% pure pomegranate juice. *See* Krueger Amended Expert Report at Ex. C. However, unlike samples 77825, 77826, 80357, 80358 and 80360, POM does not allege that the testing on the later samples indicated the presence of "undeclared high fructose corn sweetener." *Compare id.* at ¶¶ 4, 9 *with id*. at Ex. C.

[2] *See, e.g., POM Wonderful v. Beaumont Juices, Inc.*, No. CV10 1820 PA (OPx) (C.D. Ca. 2010); *POM Wonderful v. Welch Foods, Inc.*, No. CV 09-567 AHM (AGRx) (C.D. Ca.

1

continuous program to police the pomegranate juice industry. POM's testing of Elite Naturel's pomegranate juice was part of that campaign and reflects one of its standard litigation models: POM regularly commissions juice authenticity testing of its competitor's products and then pursues litigation in reliance on the test results. *See POM Wonderful v. Beaumont Juices, Inc.*, No. CV10 1820 PA (OPx) (C.D. Ca. 2010); *POM Wonderful v. Tropicana Products, Inc.*, No. CV 09-566 DSF (CTx) (C.D. Ca. 2009); *POM v. Fresherized Foods, Inc.*, No. CV08-6217 AHM (PJWx) (C.D. Ca. 2008); *POM Wonderful v. Purely Juice, Inc.*, No. CV07-2633-CAS (JWJx) (C.D. Ca. 2008).

Here as well, on July 29, 2008, POM sent a letter to Organic Juice accusing the company of selling pomegranate juice which contained other fruit juices and threatening to file suit, resulting in this action. *See* Compl. at Ex. C and ¶¶ 25-26.

POM intends to offer the testimony of Krueger, the president of KFL, to establish that Elite Naturel's pomegranate juice was "adulterated with foreign sugars, colorants, and non-pomegranate juices" at trial. *See* Krueger Amended Report, at ¶¶ 3, 8, 13, 18, 22. On October 23, 2009, Organic Juice served KFL with a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure demanding that KFL provide "[s]amples of each Elite Naturel product tested by you or your employees." *See* KFL Subpoena, attached as Ex. C to Robbins Decl. at 4. When KFL failed to provide *any* samples in response to this demand, Organic Juice again demanded production of certain juice samples relied upon by Krueger on April 23, 2010. *See* April 2010 email exchange between Alexander M. Kayne and Daniel Beck, attached as Ex. D to the Robbins

---

2009); *POM Wonderful v. Tropicana Products, Inc.*, No. CV 09-566 DSF (CTx) (C.D. Ca. 2009); *POM Wonderful v. Ocean Spray Cranberries, Inc.,* No. CV-565 DDP (RZx) (C.D. Cal. 2009); *POM Wonderful v. Purely Juice, Inc.*, No. CV 07-2633-CAS (JWJx) (C.D. Ca. 2008); *POM Wonderful v. Coca Cola Co.*, No. CV 08-6237 SJO (FMOx) (C.D. Ca. 2008); *POM v. Fresherized Foods, Inc.*, No. CV08-6217 AHM (PJWx) (C.D. Ca. 2008).

Decl. In reiterating its request, Organic Juice highlighted the specific samples that are the subject of this motion, noting that POM claimed that these contained "starch syrup," an allegation inconsistent with 16 other subsequent tests,[3] (by both POM and Organic Juice), which Organic Juice could not effectively contest without its own tests:

> [T]he samples of Elite Naturel's 100% pomegranate juice that Krueger Labs tested in connection with these . . . Certificates (i.e. 77826, 80357, 80358, 77825 and [80360]). Dana Krueger claims that these samples contain 'starch syrup' or 'hydrolyzed starch,' yet without providing the samples to us my client is foreclosed from the ability to test them.

*Id*.

In response, POM admitted that these samples had not been preserved. *See* April 2010 email exchange between Alexander M. Kayne and Daniel Beck ("Mr. Krueger does not have the five oldest samples, which you requested."). Krueger later confirmed that the samples had been destroyed, explaining that the lab's "routine procedure [is] to dispose of samples after 30 days after issuing a report." Krueger Tr. at 252:21-253:7; 255:23-256:8.[4] Krueger further admitted that "it's entirely possible that we and they could analyze the same product and come to different conclusions because we did different tests." Krueger Tr. at 44:12-15. Despite the fact that Krueger admitted his lab has the capacity to retain samples indefinitely upon request, POM never made such a request with respect to samples that are the subject of this motion: numbers 77825, 77826, 80357, 80358 and 80360. *Id*. at 253:13-23.

---

[3] *Compare* Krueger Amended Expert Report, at ¶¶ 4, 9 *with* Krueger Amended Expert Report, at Ex. C *and* Expert Report of Shankar Bhattacharyya, attached as Ex. E of the Robbins Decl. at 4 *and* Expert Rebuttal Report of Shankar Bhattacharyya, attached as Ex. F. of the Robbins Decl. at 4.

[4] Accordingly, sample numbers 77826 and 77825 were likely destroyed on or about October 31, 2007, and sample numbers 80357, 80358 and 80360 were likely destroyed on or about June 6, 2008.

3

**ARGUMENT**

This Court should exclude the purported results of Krueger's tests on the five destroyed samples. Despite the fact that POM tested this juice as part of a broad campaign of litigation – and intended to rely on the results as a central part of its case in chief – it made no effort to preserve those samples, even though, as its expert admitted, different tests of the same sample could yield different results. Thus, allowing testimony regarding the test results would be fundamentally unfair to Organic Juice which has been prejudiced by POM's destruction of the samples in question. A party cannot be permitted to use the very evidence it has destroyed against its disadvantaged adversary.

**A.    POM Should be Precluded from Relying on the Destroyed Samples**

POM should not be permitted to rely on the spoliated samples because it had an obligation to preserve them and was culpable in their destruction, all of which are relevant to Organic Juice's defense. Exclusion may be granted where (1) the party had an obligation to preserve the evidence; (2) the party acted culpably in destroying the evidence; and (3) the evidence would have been relevant to the opposing party's case, in that a reasonable jury could conclude that the evidence would have been favorable to that party. *Golia v. Leslie Fay Co.*, No. 01 Civ. 1111, 2003 WL 21878788, at *9 (S.D.N.Y. Aug. 7, 2003) *citing Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).

**1.    POM had a Duty to Preserve the Samples**

A party's obligation to preserve evidence attaches when it "should have known that the evidence may be relevant to future litigation." *Kronisch v. U.S.*, 150 F.3d 112, 126-27 (2d Cir. 1998). This obligation does not require the filing of a suit and may attach before the actual litigation. *Id.* at 127 (holding duty to preserve attached years before suit filed). Indeed, because

4

plaintiffs control when litigation begins, they "must necessarily anticipate litigation before the complaint is filed." *Cyntegra, Inc. v. Idexx Labs., Inc.*, No. CV 06-4170, 2007 WL 5193736, at *3 (C.D. Cal. Sept. 21, 2007).

Having submitted samples for testing, and received the results, POM cannot credibly claim that it did not anticipate litigation. POM is a serial litigant and follows the same path in suing its competitors. On at least three occasions, POM has filed suit based on testing samples similar to the testing at issue in the instant motion. *See supra* at p. 2. POM was therefore under an obligation to preserve the samples.

### 2. **POM was Culpable in the Destruction of the Samples**

POM's failure to preserve the samples easily meets the required standard for culpability. It is undisputed that Krueger had the ability to conserve the samples and in fact has done so on other occasions. *See* Krueger Tr. at 253:13-20. With regard to the specific samples at issue in this motion, however, POM did not instruct Krueger to halt its standard destruction policies. Failure to do so was, at least, grossly negligent. *See In re WRT Energy Securities Litig.*, 246 F.R.D. 185, 196 (S.D.N.Y. 2007) (holding that a party was "at least grossly negligent … to permit the [evidence] to be destroyed without specifically warning" opposing party that its expert had analyzed the evidence and "would likely present expert opinion" on that evidence); *Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 290 (S.D.N.Y. 2009) ("[T]he failure to implement a litigation hold is, by itself, considered grossly negligent behavior.").

Moreover, a sanction can be appropriate even where the spoliator was merely negligent. "[D]iscovery sanctions … may be imposed upon a party that has breached a discovery obligation not only through bad faith or gross negligence, but also through ordinary negligence." *Residential Funding*, 306 F.3d at 113. Simply put, "negligent loss of evidence can be just as

5

fatal to the other party's ability to present a defense." *Squitieri v. City of New York*, 248 A.D.2d 201, 203 (1st Dep't 1998).

Nor does the fact that the samples were in the possession of POM's expert, rather than POM itself, change the analysis. A party "should be held responsible for … his expert's loss of the crucial evidence." *Beers v. General Motors Corp.*, No. 97-CV-482, 1999 WL 325378, at *4 (N.D.N.Y. May 17, 1999); *see also In re WRT*, 246 F.R.D. at 195 (excluding evidence regardless of the fact that the destroyed evidence was not in the custody of the alleged spoliator) (collecting cases). Thus, POM is culpable in the destruction of the samples.

### 3. The Evidence is Relevant and Organic Juice has been Prejudiced

As the spoliated samples are central to the issues of this case, they are sufficiently relevant such that their destruction warrants exclusion of testimony. *See, e.g., West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 780 (2d Cir. 1999) (suggesting exclusion of evidence as possibility on remand where party spoliated physical evidence, without discussing whether the missing evidence would be supportive); *Great Northern Ins. Co. v. Power Cooling, Inc.*, No. 06-CV-874, 2007 WL 2687666, at *13-14 (E.D.N.Y. Sept. 10, 2007) (holding that where a party destroyed physical evidence such that opposing expert could not offer an opinion, exclusion was warranted even absent a demonstration that the evidence would have been supportive); *see also Golia*, 2003 WL 21878788, at *10 (emphasizing, in context of a relevance inquiry, that the destroyed evidence "would have been probative of two central disputed issues"); *Arista Records LLC v. Usenet.com, Inc.*, 608 F. Supp. 2d 409, 440 (S.D.N.Y. 2009) (holding spoliated evidence relevant and emphasizing that it was "directly relevant to Plaintiffs' legal claims").[5]

---

[5] *Residential Funding*, which is commonly cited for the proposition that such a showing is required, is not to the contrary. *Residential Funding* stated that it was describing the test for an adverse inference. *See Residential Funding*, 306 F.3d at 107.

6

Additionally, a "showing of gross negligence in the destruction … of evidence will in some circumstances suffice, standing alone, to support a finding that the evidence was unfavorable to the grossly negligent party." *Residential Funding*, 306 F.3d at 109, *see also, e.g., Great Northern Ins.*, 2007 WL 2687666, at *11; *In re WRT,* 246 F.R.D. at 198.

Moreover, the extant samples demonstrate sufficient reason to believe that additional testing would have been favorable to Organic Juice. *See, e.g., Golia*, 2003 WL 21878788, at *10 ("plaintiffs may establish relevance by showing that the evidence in the case as a whole suggests that the documents would have helped plaintiffs support their claims."). The Second Circuit has instructed that even where an adverse inference (as opposed to exclusion) is sought, a prejudiced party should not be held to "too strict a standard of proof regarding the likely contents of the destroyed evidence," to prevent parties from profiting from their own spoliation. *Kronisch*, 150 F.3d at 128. Here, the purported testing results of the spoliated samples are inconsistent with the results of 16 other tests conducted by *both* POM and Organic Juice, *see supra* at p. 3 n.3, and POM's expert conceded that additional testing could produce different results. *Supra* at p. 3. This alone is enough to demonstrate relevance. *Golia,* 2003 WL 21878788, at *10 (holding that spoliated evidence was sufficiently relevant to warrant exclusion because "[a] jury could conclude that [it] would have been favorable to plaintiffs, given that … executives ha[d] given contradictory testimony"); *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 109-10 (2d Cir. 2001) (inferring that spoliated evidence would have supported claims of discrimination because the defendant's purported reasons for failing to hire the plaintiff were weak).

Nor can there be any doubt as to the prejudice suffered by Organic Juice due to POM's destruction of the samples. Courts have repeatedly recognized that failing to afford the opposing party opportunity to examine evidence is prejudicial. Simply, "a party should not be forced to

rely on the testimony of an opposing expert … in order to defend its case when the opposition knowingly destroyed the evidence." *Thiele v. Oddy's Auto & Marine, Inc.,* 906 F. Supp. 158, 162 (W.D.N.Y. 1995) (granting dismissal for a defendant "greatly frustrated in its ability to defend its case").[6]

Here, it was possible to preserve these samples so that Organic Juice's expert could challenge KFL's asserted finding of corn syrup, which was inconsistent with testing of different samples of Elite Naturel pomegranate juice. *See* Declaration of Shankar Bhattacharyya, dated January 9, 2012 at ¶¶ 7, 8.

In sum, POM's failure to preserve the samples deprives Organic Juice of the opportunity to test the samples for authenticity, and to challenge POM's purported results by applying methods, parameters, and analytical techniques deemed appropriate by its own expert. POM's own expert, Krueger, testified that "it's entirely possible that we and they could analyze the same product and come to different conclusions because we did different tests," Krueger Tr. at 44:12-15, and, in fact, the test results of the destroyed samples are inconsistent with numerous other samples.[7] Organic Juice is therefore prejudiced by POM's destruction of these samples.

---

[6] *See also, e.g., Atlantic Mut. Ins. Co., Inc., ex rel. Pepsico, Inc. v. CSX Expedition,* No. 00 Civ. 7668, 2004 WL 1746712, at *8 (S.D.N.Y. Aug. 3, 2004) (holding that defendants were "obviously extremely prejudice[ed]" where they had "no way to contest plaintiff's … test results or provide any testing evidence of their own") *vacated and remanded on other grounds, Atlantic Mut. Ins. Co., Inc. v. CSX Lines, L.L.C.*, 432 F.3d 428, 434 (2d Cir. 2005).

[7] The existence of other samples in no way mitigates the prejudice suffered by Organic Juice and in fact supports Organic Juice's arguments, as POM can maintain its suit based on the non-spoliated samples. In any case, per POM's expert report it is only the spoliated samples that purportedly show the presence of corn syrup. *See Arista Records*, 608 F. Supp. 2d at 439 (excluding testimony and explaining that production of other data did not remedy spoliation "because it [wa]s not substantially equivalent to the destroyed data").

## B. All Evidence Regarding the Destroyed Samples Should be Excluded

This Court should exclude Krueger's testimony and KFL's test results regarding the destroyed samples. Under well recognized principles, POM has been sufficiently culpable, the spoliated evidence sufficiently relevant, and Organic Juice sufficiently prejudiced, to warrant the remedy of exclusion. *See Residential Funding*, 306 F.3d at 108, 112 (imposition of "lesser sanctions" requires only negligence); *Great Northern Ins.,* 2007 WL 2687666, at *10 (explaining that "because plaintiff knowingly altered or destroyed the [evidence] and provided defendant with only negligible prior notice, plaintiff acted with the requisite culpability to warrant a lesser sanction, such as an adverse inference instruction or preclusion").

A spoliation remedy should "place the risk of an erroneous judgment on the party who wrongfully created the risk; and … restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." *West,* 167 F.3d at 779 (2d Cir. 1999) (internal quotation marks omitted). Thus, the Second Circuit has repeatedly noted that exclusion of evidence is appropriate when physical evidence is destroyed. *See id*. at 780 (referencing exclusion of evidence remedy for destruction of relevant physical evidence to "fully protect [opposing parties] from prejudice"). Indeed, where a party is sufficiently prejudiced by the destruction of evidence even dismissal is warranted. *See Thiele*, 906 F. Supp. at 162-3 (granting dismissal due to spoliation for a defendant "greatly frustrated in its ability to defend its case").

Here, Organic Juice's prejudice is appropriately remedied by excluding all evidence relating to the spoliated samples. *See Great Northern Ins.*, 2007 WL 2687666, at *14 (where plaintiff's loss of evidence "deprived defendant of an opportunity to adequately rebut plaintiff's expert's opinion …. precluding plaintiff from introducing evidence regarding the missing

[evidence] … best serve[d] the … aims of a spoliation sanction") (internal quotation marks omitted). Exclusion of testimony regarding the samples is therefore warranted.

## CONCLUSION

Defendant respectfully requests that this Court issue an order precluding POM from introducing any evidence or eliciting any testimony at trial concerning the five juice samples analyzed by KFL at POM's request in 2007 and 2008.

New York, New York
January 9, 2012

>By: /s/ Henry J. Ricardo
>Harvey Kurzweil
>Henry J. Ricardo
>
>DEWEY & LeBOEUF LLP
>1301 Avenue of the Americas
>New York, New York 10019-6092
>Telephone: 212-259-8000
>Facsimile: 212-259-6333
>
>*Attorneys for Defendant and Counter-Plaintiff Organic Juice USA, Inc.*